UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 22-cv-60019

ALIX NELSON

       Plaintiff,

v.

HOME DEPOT U.S.A., INC,

       Defendant.
_____/

## COMPLAINT

Plaintiff, ALIX NELSON ("Plaintiff" or "NELSON") by and through his undersigned attorney, sues Defendant, HOME DEPOT U.S.A., INC. ("Defendant" or "HOME DEPOT") and alleges:

## INTRODUCTION

1. This is an action for damages and injunctive and equitable relief brought under the Americans with Disabilities Act ("ADA") and the Florida Civil Rights Act ("FCRA") to redress the discrimination suffered by Plaintiff because of his disability.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

3. Defendant's unlawful conduct was committed within the jurisdiction of the United States District Court for the Southern District of Florida.

4. At all times material, Defendants employed more than fifteen (15) persons, and therefore was and is an "employer" as that term is defined in Florida Statutes §760.02(7) and the ADA.

5. Plaintiff is an "aggrieved person," as defined by Florida Statutes §760.02(10) and the ADA, because he filed a Charge of Discrimination with the U.S. Equal Opportunity Commission ("EEOC") and the Florida Human Rights Commission ("FCHR").

## PARTIES AND COMPLIANCE WITH PROCEDURAL REQUIREMENTS

6. NELSON is a citizen and resident of the United States residing in Broward County, Florida, and is disabled.

7. Defendant, HOME DEPOT is a Delaware corporation doing business throughout Florida, including Broward County, Florida.

8. On or about March 4, 2018, NELSON timely filed a Charge of Discrimination, a copy of which is attached hereto and marked as **Exhibit "A,"** with the EEOC and the FCHR, alleging discrimination based on his disability.

9. Thereafter on November 2, 2021, the EEOC issued NELSON a Notice of Right to Sue. A copy of Plaintiff's Notice of Right to Sue is attached hereto as **Exhibit "B"**.

10. NELSON has exhausted all his administrative remedies pursuant to the ADA and the FCRA and has performed all conditions precedent necessary to the maintenance of this action prior to filing this Complaint.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

11. NELSON, who suffered an injury that caused him to be hospitalized and affected one or more of his major life activities, including his ability sleep and work, was an employee at Store Number 0222 located at 2300 S. University Drive, Davie, Florida 33324.

12. On July 15, 2017, NELSON suffered an injury while at Disney World. The injury was severe enough that NELSON was hospitalized and missed a few days of work.

13. When NELSON finally returned to work, he realized that he was unable to perform the essential functions of his position as a result of the injury and, in August 2017, began a short medical leave.

14. On September 29, 2017, NELSON's doctor cleared him to return to work and provided him with a doctor's note.

15. That same day, NELSON went to work and gave his doctor's note to his supervisor, Jose Guttierez.

16. In response, Mr. Guttierez told NELSON that there was no work available for him and asked him to leave the store.

17. On October 1, 2017, NELSON received a letter from the HOME DEPOT corporate office advising him that this medical leave had expired that that he was expected to return to work immediately.

18. On October 2, 2017, NELSON contacted the HOME DEPOT corporate office informing them that he returned to work on September 29, 2017 and provided Mr. Guttierez with a copy of his doctor's note.

19. NELSON talked to a human resources representative who made it clear that he was not permitted to return to work and did not provide him with a reason.

20. NELSON continued trying to get in contact with someone from HOME DEPOT to explain that he was cleared to return to work, but that his supervisor and a human resources representative were not allowing it.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

21. On October 27, 2021, NELSON received a phone call from Home Depot directing him to return to work immediately. That same day he went to work for approximately four hours before he was called into the manager's office.

22. NELSON provided the manager with his doctor's note dated October 27, 2017, demonstrating that he was cleared to return to work with light duty restrictions.

23. NELSON was against sent home and instructed not to return to work until he was contacted by HOME DEPOT.

24. On October 10, 2017, NELSON returned to work for a third time with another doctor's note clearing him to return. He was told by an assistant manager to leave until HOME DEPOT had an opportunity to review the note.

25. NELSON explained to this assistant manager that he had been out of work for nearly two months despite his willingness to return to work.

26. After a number of months, HOME DEPOT finally contacted NELSON on January 31, 2018, informing him that his medical leave expired on January 25, 2018 and that he had to return to work by February 10, 2018.

27. NELSON, who was understandably perplexed as he was ready, willing and able to return to work for a few months, responded stating that he had been trying to return to work since September 2017, but HOME DEPOT ignored him and was entirely unwilling to respond to his requests to return to work.

28. HOME DEPOT again ignored NELSON and his employment was terminated.

## COUNT I
## DISABILITY DISCRIMINATION UNDER THE ADA

29. Plaintiff re-alleges and incorporate by reference as if fully set forth herein the allegations in paragraphs 1 through 28.

30. Plaintiff belongs to a protected category under the ADA as his disability affects one or more major life activities, including the ability to sleep and work. Defendant violated the ADA by refusing to allow him to return to work after he was released by his doctors and for terminating his employment because of his disability.

31. Plaintiff suffered adverse employment action when HOME DEPOT refused to reinstatement him and terminated his employment.

32. HOME DEPOT is vicariously liable for all material adverse actions suffered by Plaintiff and all disability discrimination engaged in by Defendant's managers and supervisors.

33. Plaintiff has been damaged by the conduct of HOME DEPOT.

WHEREFORE, Plaintiff respectfully invokes the remedial powers of this Court as provided under the ADA, and prays for a judgment:

A. Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination;

B. Awarding Plaintiff any and all damages available to him, including, but not limited to, back pay, front pay, prejudgment interest, and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant;

C. Declaring Defendant's conduct to be in violation of the ADA and ordering Defendant to institute policies, practices, training and programs that provide protection from discrimination against employees and provide equal employment opportunities for individuals, and that eradicate the effects of its past and present unlawful practices;

D. Awarding Plaintiff compensatory damages against Defendant;

E. Awarding reasonable attorney's fees and costs incurred in this action.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

## COUNT II
## DISABILITY DISCRIMINATION UNDER THE FCRA

34. Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations in paragraphs 1 through 28.

31. Plaintiff belongs to a protected category under the FCRA as his disability affects one or more major life activities, including the ability to sleep and work. Defendant violated the FCRA by refusing to allow him to return to work after he was released by his doctors and for terminating his employment because of his disability.

32. Plaintiff suffered material adverse action when he was forced to resign from his employment based on Defendant's discriminatory conduct.

33. Defendant is vicariously liable for all material adverse actions suffered by Plaintiff and all disability discrimination engaged in by Defendant's managers and supervisors.

34. Plaintiff has been damaged by the conduct of Defendant.

WHEREFORE, Plaintiff respectfully invokes the remedial powers of this Court as provided under the FCRA, and prays for a judgment:

A. Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination;

B. Awarding Plaintiff any and all damages available to him, including, but not limited to, back pay, front pay, prejudgment interest, and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant;

C. Declaring Defendant's conduct to be in violation of the FCRA and ordering Defendant to institute policies, practices, training and programs that provide protection from discrimination against employees and provide equal employment opportunities for individuals, and that eradicate the effects of its past and present unlawful practices;

D. Awarding Plaintiff compensatory damages against Defendant;

E. Awarding reasonable attorney's fees and costs incurred in this action.

## DEMAND FOR JURY TRIAL

Plaintiff, ALIX NELSON, hereby demands trial by jury on all claims triable by right of jury under state or federal law.

Dated this 4th day of January 2022.

                                                    Respectfully submitted,

                                                  **GALLUP AUERBACH**
                                                  4000 Hollywood Blvd.
                                                  Suite 265 South
                                                  Hollywood, FL 33021
                                                  Tel: (954) 894-3035
                                                  Fax: (754) 200-2836
                                                  E: jauerbach@gallup-law.com

                                                By: */s/ Jacob K. Auerbach*
                                                     Jacob K. Auerbach, Esq.
                                                     FBN: 0084003